UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| MICHAEL LEE, | : |
|         Plaintiff, | : |
|         v. | :    No. 2:16-cv-00068 |
| MICHAEL NUTTER, *Mayor of Philadelphia*; | : |
| LOUIS GIOLA, *Comm. of PPS*; | : |
| M. FARRELL, *Warden of CFCF*; | : |
| HUDGINS, *C/O at CFCF*; | : |
| SUTTON, *C/O at CFCF*; | : |
| BLACK, *C/O at CFCF*, | : |
|         Defendants. | : |

---

### MEMORANDUM

**Defendants Nutter, Girola, and Farrell's Motion to Dismiss, ECF No. 13 - Granted**
**Defendant Black's Motion to Dismiss, ECF No. 30 - Granted**

**Joseph F. Leeson, Jr.**                                                                        **December 16, 2016**
**United States District Judge**

### I. Introduction

Plaintiff Michael Lee alleges that from approximately July 5 to July 12, 2014, he was repeatedly assaulted, tortured, and injured by two other inmates at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia. Compl. 2-3, ECF No. 1-1. Lee alleges that Officer Hudgins witnessed a portion of the attacks. *Id.* at 3. Lee further alleges that he spoke to several correctional officers, including Officer Sutton, about the attacks and filed numerous grievances, but received no response. *Id.* at 3-4.

Defendants Michael Nutter, Louis Giorla,[1] Michelle Farrell,[2] and Anthony Black move to dismiss Lee's claims against them. ECF Nos. 13, 30. Because Lee's Complaint fails to allege any personal involvement on the part of these Defendants, Defendants' Motions are granted.[3]

## II.  Standard of Review – Motion to Dismiss

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In *Ashcroft v. Iqbal*,

---

[1] Giorla's name is incorrectly spelled "Giola" in the caption.
[2] On June 6, 2016, Defendants Nutter, Giorla, Farrell, and Hudgins filed an Answer to Lee's Complaint, which included as an affirmative defense the contention that Lee failed to state a claim upon which relief may be granted. ECF No. 12. Ten days later, Defendants Nutter, Giorla, and Farrell filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). "A Rule 12(b) motion to dismiss a complaint must be filed before any responsive pleadings." *See Rx Sols. Inc. v. XO Commc'ns*, No. CIV.A. 05-CV-676-LDD, 2006 WL 999971, at *1 (E.D. Pa. Apr. 13, 2006). However, "[a] post-answer motion to dismiss pursuant to Rule 12(b)(6) may be treated, in the court's discretion, as a Rule 12(c) motion for judgment on the pleadings." *Id.* In particular, courts have allowed untimely motions where, as here, the defense has been previously included in the answer. *See Molnlycke Health Care AB v. Dumex Med. Surgical Prod. Ltd.*, 64 F. Supp. 2d 448, 449 (E.D. Pa. 1999). Accordingly, the Court will treat Defendants' motion to dismiss as a motion for judgment on the pleadings under Rule 12(c), and the motion will be evaluated using the same standards for dismissal that apply under Rule 12(b)(6). *See Trustees of Univ. of Pennsylvania v. Mayflower Transit, Inc.*, No. CIV. A. 97-1111, 1997 WL 598001, at *2 (E.D. Pa. Sept. 16, 1997).
[3] The remaining Defendants – Hudgins and Sutton – have filed answers to Lee's Complaint and have not filed motions to dismiss. *See* ECF Nos. 12, 31.

556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Id.*; *Phillips*, 515 F.3d at 233 (quoting *Twombly*, 550 U.S. at 563 n.8). While Rule 8 of the Federal Rules of Civil Procedure, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Twombly*, 550 U.S. at 555)); *see* Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d 224, 232 (citing *Twombly*, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to

relief.'" *See id.*, 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) "Detailed factual allegations" are not required, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," *id.* at 680 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    Analysis

Defendants contend that Lee's Complaint fails to state a claim against them because it fails to allege any conduct on their part. In response,[4] Lee contends that his Complaint "outlines the facts that illustrate how, after being alerted to and made aware of the ongoing assault and torture that [he] was enduring, the jail administrators . . . showed deliberate indifference by being aware of the reported situation and allowing the torture to continue." Pl.'s Mem. Opp'n 1, ECF No. 23. Further, he states that Farrell, as the Warden of CFCF, is responsible for the safety and security of the jail; Giorla, as jail commissioner, is Farrell's supervisor and is responsible for the

---

[4]    Lee's response addresses only the Motion filed by Nutter, Giorla, and Farrell. Lee did not file a response to Black's Motion.

policies of the prison system; and Nutter, as the former Philadelphia mayor, was "ultimately the lead authority in charge of all elements of the city government." *Id.* at 2. Lee acknowledges, however, that his Complaint's description of these Defendants' individual roles in his case may have been vague, and he requests leave to amend his Complaint if necessary. *Id.*

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Id.*

Here, Lee fails to allege any personal involvement on the part of Nutter, Giorla, Farrell, or Black in the events alleged in the Complaint. His complaint includes no allegations that even name these Defendants. Although Lee does name these Defendants and their job titles in the "Parties" section of his Complaint, "listing . . . job responsibilities is not sufficient to create an allegation of personal direction or of actual knowledge and acquiescence." *Paskel v. Nutter*, No. 13-5755, 2014 WL 4055837, at *2 (E.D. Pa. Aug. 13, 2014). For these reasons, Lee fails to state a claim against these Defendants, and his claims against them are dismissed.

**IV.     Conclusion**

When dismissing a pro se civil rights complaint, a district court must provide the plaintiff leave to amend his complaint, "unless amendment would be futile or leave to amend is not warranted for some other reason." *Tate v. Morris Cnty. Prosecutors Office*, 284 F. App'x 877,

5

879 (3d Cir. 2008). It is not clear whether an amendment would not be futile; therefore, these claims will be dismissed without prejudice and Lee will be given until January 13, 2017, to file an amended complaint which cures the deficiencies set forth above.

Lee is advised that the "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint. *Id.* The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge